Flora Sullivan, Appellant, v. Alice Heyer, Appellee.

Gen. No. 40,518.

Opinion filed June 21, 1939. Rehearing denied July 3, 1939.

THOMAS C. HOLLYWOOD and LLOYD T. BAILEY, both of Chicago, for appellant.

600

RIDER & THUMA, of Chicago, for appellee; CHESTER D. KERN, of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

A verdict was rendered in the superior court finding the defendant not guilty for injuries which plaintiff received while riding as a passenger in defendant's automobile. Plaintiff brings this appeal.

Plaintiff alleges that on January 18, 1934, at about 10:30 o'clock in the evening she was invited by the defendant to ride with her in her automobile as defendant's guest; that defendant drove her automobile north on Michigan avenue and just before she reached Washington street there were a number of automobiles ahead of her which had stopped for the traffic signal; that defendant was operating her automobile at the rate of 30 to 35 miles an hour and she was driving on the inside lane of traffic near the center of the street; that as she approached Washington street she put on the brakes, but her automobile struck the rear end of another automobile in front of her which was standing at the intersection waiting for the traffic signal to change; that defendant's automobile struck the other automobile with such violence as to propel it across the intersection of Washington street; that the front part of defendant's automobile was wrecked, breaking the steering wheel, steering knuckle, axle, headlight and displacing the engine; that plaintiff sustained serious and permanent personal injuries as a result of the accident.

Suit was commenced under ch. 95½, par. 58a, sec. 42-1, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 85.064(1)], known as the "Guest Statute," under the provisions of which statute there can be no recovery unless the injuries result from the wilful and wanton conduct of the driver of the automobile.

The evidence shows, and there does not seem to be any dispute as to the facts, that plaintiff, who was at the time of the trial 28 years of age, was invited by the defendant to ride in defendant's Oldsmobile coupe; that a Mr. Kelley also rode with them; that defendant drove the automobile and that plaintiff sat between defendant and Mr. Kelley, the automobile having only one seat; that defendant drove the automobile north on Michigan avenue and as she approached its intersection with Washington street, they noticed an automobile standing in the inner lane of the street waiting for the traffic light to change; that defendant's automobile struck the automobile that was standing at the intersection with such force that the standing automobile was pushed across the street intersection a distance of approximately 80 or 100 feet; that as a result of the accident plaintiff was rendered unconscious and was severely injured; that she was removed to a hospital.

Complaint is made as to the rulings of the court on the admission of evidence and also in the giving of instructions, and we think some of the points are well made.

The court erred in withdrawing from the consideration of the jury the statement of plaintiff, who, just prior to the accident, noticing the automobiles ahead of them and the speed at which they were traveling, exclaimed: "My God, Alice, that car: we are going to hit that car." The court sustained the objection. This evidence was competent, not only as part of the *res gestae,* but it was a remonstrance and caution to the driver.

As to who paid plaintiff's bill while she was in the hospital and the further fact that defendant paid it, was excluded from the consideration of the jury. This could well be construed as an admission of defendant's liability. The court erred in sustaining objections to this evidence.

The trial court further erred in striking out the testimony as contained in Kelley's deposition, he being the other occupant in defendant's car at the time of the accident, where, in answer to an interrogatory, he stated: ''Instead of slackening up, I thought one time she speeded up the car.'' This was proper evidence and should have been submitted to the jury.

Complaint is also made to the giving of Instruction No. 16, at the request of the defendant, which reads as follows:

''16. The court instructs the jury that if you believe from the evidence in this case and the instructions of the court that the defendant, immediately prior to the accident in question, was placed in a sudden emergency, with peril imminent, then you are instructed that under such state of proof the defendant would not be required to use the same degree of self-possession, coolness and judgment as when there is no imminent peril.''

The giving of such an instruction was prejudicial error, as it would mislead the jury as to the rule of law applicable to the conduct of defendant and if followed by a jury, as doubtless it was, it would make a finding of guilty practically impossible.

In the case of *McLaren v. Byrd, Inc.*, 296 Ill. App. 345, 15 N. E. (2d) 993, 995, an instruction somewhat similar was given as in this case. In the *McLaren* case the defendant was a truck driver who had been driving along the road when the lights on his truck suddenly went out. The truck was the semi-trailer type and he stopped to replace the fuse which had burned out. While replacing the fuse the truck was hit from the rear by a Chevrolet automobile in which William W. McLaren who was killed as a result of the accident was riding. The evidence showed that when the fuse burned out the lights on the truck were extinguished and that the defendant did not place flares on the roadway in the rear of the truck, in accordance

with the State law in order to protect other motorists; that the accident occurred at 59th street and Harlem avenue. In finding that the giving of such an instruction was erroneous, the writer in that opinion, who happens to be the writer of this opinion also, stated:

"The difficulty with this instruction is that it selects out the name of a particular witness and speaks of him as being suddenly confronted with an emergency. There is no evidence in the record that Howe, the witness, was confronted with any emergency, but on the contrary he stated that he did not know anything about the accident until after it had happened. He claimed . . . that he knew nothing of the approaching automobile until after the collision. In addition to that the so-called emergency which would relax the rule, and thereby relieve a person from the use of the same degree of self-possession, coolness and judgment, must be such imminent peril and perilous position which would be caused by an agency beyond his control. *Chicago & E. I. R. Co. v. Storment*, 190 Ill. 42; *Bunch v. McAllister*, 266 Ill. App. 248. One cannot create an untoward situation or emergency by his own action and then by reason of such situation so created be relieved from such responsibility as the law requires of a person acting under normal conditions. The giving of such instruction was erroneous."

It has been held that where an overtaking vehicle crashed into the rear of the car in front that had gradually come to a stop, the rule that a driver confronted by a sudden emergency is not required to make the wisest choice, applied only where the emergency arose through negligence of another, and not where it arises by his own negligence in driving at a reckless rate of speed and at an unsafe distance from the car ahead. *Stromer v. Dupont*, — La. App. —, 150 So. 32.

In Pennsylvania the courts have laid down the rule as set forth in *Byrne v. Schultz*, 306 Pa. 427, p. 433, wherein the court said:

"The law only makes obligatory the rule of common sense regarding the duty of a driver at the intersection of streets, where traffic is very dangerous because conflicting. He must be diligent, must exercise the highest degree of care, must have his car under complete control, and must look and see what is visible before attempting to cross the intersecting street."

It is very necessary in this type of case in determining whether wilful and wanton acts were proven, that the jury be instructed properly as to the law governing human conduct at the time of the accident. It is manifest that had the jury followed this instruction as given, they could arrive at no verdict other than they did and a verdict based on an improper statement of the law should be set aside.

For the reasons herein given the verdict and judgment of the superior court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

HEBEL and BURKE, JJ., concur.