Herman Prewitt and Fanny Poe, Plaintiffs-Appellees, v. Frances Hall and Thomas Howard, Defendants, Thomas Howard, Defendant-Appellant.

Gen. No. 52,116.

First District, Fourth Division.

July 23, 1969.

Greenberg, Ziv & McCarthy, of Chicago (Sherwin Greenberg, of counsel), for appellant.

Drake Leoris, of Chicago (George E. Downs, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This action arises from a claim brought by the plaintiffs to recover for personal injuries and property damage resulting from a collision of their automobile with an automobile owned by defendant Thomas Howard and driven by defendant Frances Hall. The court below en-

tered findings against both defendants in favor of both plaintiffs, assessed damages, and entered judgments on the findings.

It is undisputed that the automobile owned by Herman Prewitt and driven by Fanny Poe was struck by the automobile owned by Howard and driven by Frances Hall, and that the collision was caused by Miss Hall's negligence. Howard, however, raises the issue on appeal that Miss Hall, in driving the automobile without his permission, was not acting as his agent, and that therefore he is not liable. Miss Hall has not appealed from the judgment against her.

The factual controversy is centered on events that allegedly transpired earlier in the evening preceding the accident. Howard testified that he had driven his automobile to Miss Hall's apartment around 9:30 p. m., had a few drinks with four or five others there present, and dozed off while sitting on the couch listening to the record player. He last recalled being aware of Miss Hall's presence at about the time he fell asleep, which was approximately midnight. He was not aware that she had left the apartment, or that his car was gone from where he had parked it. The next thing he remembered was being awakened by a phone call from the police at 4:00 a. m. informing him that his car had been involved in an accident.

Howard testified further that he did not give Miss Hall permission to use his car, nor did she ask to use it. She was not an employee of his, nor was she involved in any errand for him. Prior to the date of the accident she had never driven his automobile, although she had ridden in it as a passenger while he drove. On the evening in question, he had left his coat in the bedroom on a bed, with the keys to his car in a pocket. Miss Hall could have taken the keys without his knowledge as he was sleeping. Miss Hall did not testify at the trial.

Prewitt testified that he obtained Howard's phone number from Miss Hall and, having unsuccessfully attempted several times to reach him, left his number; that Howard returned his call two or three days after the accident, inquired about the damages resulting from the accident, and assured Prewitt that he would contact him later to see that his car was repaired. Howard denied having any conversation with Prewitt, as he had not returned the call after Prewitt had called and talked to Mrs. Howard.

Plaintiff contends that the disputed phone conversation he claims to have had with appellant was sufficient to show ratification of agency between Howard and Miss Hall. Defendant maintains that, even assuming the conversation had transpired, the testimony as to what he was supposed to have said was inadmissible since it constituted an offer to settle or compromise.

■ In Illinois, the general and undisputed rule is that offers of settlement, as such, are not admissible into evidence. Hill v. Hiles, 309 Ill App 321, 32 NE2d 933; Steiner v. Rig-A-Jig Toy Co., 10 Ill App2d 410, at 421, 135 NE2d 166. The courts have consistently refused to permit evidence of mere offers and negotiations for settlements to reach the jury on the ground that public policy favors the settlement of claims outside of court. Hill v. Hiles, supra; Gehm v. People, 87 Ill App 158; Edwin S. Hartwell Lumber Co. v. Bork, 138 Ill App 506; Graff v. Fox, 204 Ill App 598. No evidence has been advanced to demonstrate that the alleged conversation was anything more than an offer of settlement. Plaintiffs contend that the conversation had independent relevance as an admission of a party, and was, therefore, admissible, citing three cases to support the contention that any promise to pay or offer to pay should be construed as an admission. Each case relied upon involves a situation wherein a party offered to pay or did, in fact, pay the medical bills of an

injured person. The first of these cases (Sullivan v. Heyer, 300 Ill App 599, 21 NE2d 776) to allow such an exception to the inadmissibility of offers of settlement stated:

> As to who paid plaintiff's bill while she was in the hospital *and* the further fact that defendant paid it, was excluded from the consideration of the jury. This could well be construed as an admission of defendant's liability. (Emphasis supplied.)

This holding was extended in Hanlon v. Lindberg, 319 Ill App 1, 48 NE2d 735 (and, in our opinion, misconstrued) to read:

> Where the parties are strangers under the law, and the one charged with being the wrongdoer, promises to pay *or* does pay for hospital and medical care, it is a proper circumstance for the consideration of the jury. (Emphasis supplied.) Sullivan v. Heyer, 300 Ill App 599, 601, 21 NE2d 776.

There was testimony in Hanlon that defendant told the plaintiff and other witnesses that he would pay the plaintiff's hospital bills. More importantly, and more damaging to the defense, was plaintiff's testimony that defendant "said *he was responsible for the accident* and wanted to be responsible for the bills." (Emphasis supplied.) Hanlon, supra, at 7. The court did not specify the exact testimony it relied upon to render the conversation admissible, but stated that the testimony "in no way partook of any attempt by the parties to effect a compromise of a disputed claim." The statement directly admitting liability is an independent admission which is clearly admissible (Edward Edinger Co. v. Willis, 260 Ill App 106), and may have been the basis for the decision.

■ The third and most recent case relied upon merely cited the above-quoted portion of Hanlon to support the admissibility of testimony relating to an offer by

defendant to pay plaintiff's hospital bills if plaintiff would sign a release. Mick v. The Kroger Co., 73 Ill App 2d 155, 218 NE2d 654. This seems to us a classic example of a settlement offer generally inadmissible into evidence and is not similar in nature to the type of testimony that was the basis for the Hanlon decision. We respectfully differ with the court in the Mick case, and believe that evidence of an offer to pay bills in exchange for a release cannot correctly be construed as an admissible admission, in light of its patent character as a settlement offer.

In the instant case, Howard did not actually pay any of plaintiff's bills, nor is it claimed that he made any factual admission as to the existence of an agency relationship or as to liability generally. The alleged conversation concerned only an offer relating to payment for repair of the automobile and did not include anything to cover plaintiffs' claims for hospital costs and personal injuries which were ultimately awarded in favor of plaintiffs. We find that the alleged conversation constituted an inadmissible offer of settlement.

Plaintiffs have also attempted to use the telephone conversation (which defendant denies ever took place) to prove the existence of an agency relationship between Miss Hall and defendant. Here, again, evidence of compromise may not be admitted for such a purpose. In Fenberg v. Rosenthal, 348 Ill App 510, 517, 109 NE 2d 402, this court quoted with approval from the opinion of Justice Hand in Hawthorne v. Eckerson Co., 77 F2d 844, as to evidence which had been offered to show both agency and liability:

> Compromises are not in themselves evidence as admissions of liability, and the same rule applies when they are offered as proof of agency.

Appellee also contends that appellant's phone conversation amounted to ratification of Frances Hall's

acts. Ratification,* as it relates to the law of agency, is the express or implied adoption or confirmation by one person of an act or contract performed or entered into in his behalf by another, without authority. First Nat. Bank v. Alton Mercantile Co., 18 F2d 213. In the instant case there was no evidence that Miss Hall's acts were intended to be performed on behalf of Howard. As a consequence, the principle of ratification does not come into play. See Reed v. Rich, 49 Ill App 262; Grund v. Van Vleck, 69 Ill 478.

█ The law is settled that the owner of an automobile who permits another to use it for the latter's own purpose is not liable for the negligence of the borrower in using the machine (Arkin v. Page, 287 Ill 420, 123 NE 330), unless the other person is, in operating the automobile, the servant or agent of the owner. Dean v. Ketter, 328 Ill App 206, 65 NE2d 572; Mosby v. Kimball, 345 Ill 420, 178 NE 66; Bensman v. Reed, 299 Ill App 531, 20 NE2d 910. In order for liability to attach to Howard, it must have been shown that an agency relationship existed between him and Miss Hall. "To constitute the relation of master and servant, the one for whom the service is rendered must consent or manifest his consent to receive the services." Restatement of the Law of Agency, 2nd, Vol 1 (1958 ed) Section 221. There is no testimony whatsoever that Howard had consented to receive services from Miss Hall through her use of his automobile.

█ █ Even if it had been shown that Miss Hall had received permission from Howard to use the car, this, without more, would not have been sufficient proof of

---

* Restatement of the Law of Agency, 2nd, Vol 1 (1958 ed):
"85. Purporting to Act as Agent as a requisite for Ratification.
"(1) Ratification does not result from the affirmance of a transaction with a third person unless the one acting purported to be acting for the ratifier."

agency, for a permissive user is not necessarily an agent of the owner. Although ownership of the automobile may raise an inference of agency between owner and driver, such inference may be overcome, and was overcome, by Howard's own testimony in this case. Paulsen v. Cochfield, 278 Ill App 596; Howard v. Amerson, 236 Ill App 587; Watts v. Staunton Lumber Co., Inc., 1 Ill App 2d 224, 116 NE2d 908 (Abst). Thus, plaintiffs were faced with the burden of proving the agency which they had alleged. Dean v. Ketter, supra. They did not meet this burden.

The judgment of the Circuit Court is reversed.

Reversed.

DRUCKER, P. J. and STAMOS, J., concur.