DONALD E. ECKERTY, Plaintiff and Counterdefendant-Appellee, v. ILA LOWMAN, Defendant and Counterplaintiff-Appellant—(ROBERT E. BROUGHTON, Defendant.)

(No. 12002;

Fourth District—January 16, 1974.

Costigan, Wollrab, Fraker & Wochner, of Bloomington, for appellant.

Gillespie, Burke & Gillespie, of Springfield, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Eckerty sued Lowman as owner, and Lowman's son, Broughton, as driver, for property damage to Eckerty's car arising out of a two-car collision at the intersection of Sixth and College Streets in Lincoln, Illinois. Lowman counter-claimed for property damage to her car. At the time of the incident giving rise to this proceeding, Broughton, a senior in high school and the son of Mrs. Lowman, was driving Mrs. Lowman's car as a bailee.

■■ It is settled law that the negligence of a bailee is not imputed to the bailor. (*Arkin v. Page*, 287 Ill. 420, 123 N.E. 30; *Prewitt v. Hall*, 113 Ill.App.2d 198, 252 N.E.2d 43.) Upon this appeal, Eckerty does not contend to the contrary.

This case was tried before the court without a jury. The evidence was that Eckerty was driving west on Sixth Street and Broughton was driving south on College. The intersection is not protected by traffic signals nor by any traffic signs. Plaintiff, according to his testimony, was driving about 25 mph. A house on the northeast corner obstructed the respective views of the drivers as they approached the intersection. Plaintiff was some twenty to sixty feet east of the intersection when he first observed the vehicle driven by Broughton. At that time, Broughton was about two hundred feet from the intersection. Plaintiff could not estimate Broughton's speed as of the time of his first observation. Plaintiff looked away from Broughton, looking to his left. He did not again see the Broughton vehicle until plaintiff was in the intersection. The collision occurred in the middle of the intersection. The front part of the Broughton car struck the plaintiff's car in the area over the right front tire.

The defendant Broughton testified that he first saw the Eckerty car on his left when it came out from behind the house located on the corner. He watched the plaintiff's vehicle from the time of the first observation until the impact. Broughton stated Eckerty never applied his brakes, did not swerve in either direction, before the collision. Broughton's car left some thirty-seven feet of skid marks prior to impact. According to Broughton's testimony, Eckerty told him after the collision that he was sorry and that he had not seen him. An investigating officer quoted Eckerty as saying that he was looking off to the left and did not realize how close he, Eckerty, was to the intersection. Eckerty denied both statements. The trial court initially made a finding that the plaintiff was guilty of contributory negligence and therefore could not recover, and that Lowman could not recover on her counter-claim because she did not prove that Eckerty's negligence was a proximate cause of her damage. Judgments were entered accordingly. Thereafter, the findings were amended and the court found that Eckerty could not recover because he failed to prove that he was free of contributory negligence. In all other respects the findings and judgments were the same. Lowman appeals contending that the findings are inconsistent and that Eckerty was guilty of negligence as a matter of law.

■■ Upon this appeal Eckerty contends that Lowman has waived any right to object to the findings of the trial court by failing to urge such objections there. In a nonjury case, the failure to file a post-trial motion does not limit the scope of review. (See Ill. Rev. Stat. 1971, ch. 110, par. 68.3; *Childress v. State Farm Mutual Auto Insurance Co.*, 97 Ill.App.2d 112, 239 N.E.2d 492.) The initial findings were inconsistent. If the plaintiff was guilty of contributory negligence, then necessarily and indeed as a matter of definition, his negligence was a proximate cause of Lowman's damage. Contributory negligence is nothing more than negligence on the part of the plaintiff that proximately contributed to cause the damage. (*Hale v. Cravens*, 129 Ill.App.2d 466, 263 N.E.2d 593.) The change in the findings creates semantical difficulty, but upon this record, does not alter the result that must obtain. In effect, the trial court found that Eckerty was negligent, although it is expressed in terms of a failure to prove freedom from contributory negligence. While failure to prove freedom from contributory negligence does not equate with proof of negligence, the evidence found in this record clearly establishes that both Eckerty and Broughton were negligent. Any contrary finding would be against the manifest weight of the evidence. Broughton's negligence as we have noted is not and cannot be imputed to Lowman upon her counter-claim for the property damage to her car. Thus, under a circumstance where the record is clear that both Eckerty and Broughton

were negligent, Lowman, as owner of the car driven by Broughton, is entitled to judgment against Eckerty. If the rule that the negligence of a bailee is not to be imputed to the bailor is to be modified or abrogated, such should be done directly and expressly. The record establishes that the damages to the Lowman vehicle were in the amount of $1439.18. The judgment of the circuit court of Logan County is reversed and this cause is remanded to that court with directions to enter judgment for Lowman against Eckerty in that sum, plus interest as provided by law.

Reversed and remanded with directions.

SMITH and SIMKINS, JJ., concur.