THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM McCLAIN, Defendant-Appellant.

Fourth District   No. 14627

Opinion filed May 26, 1978.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur, for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

The defendant, William McClain, was sentenced to concurrent terms of 7 to 14 and 8 to 16 years' imprisonment after a Macon County jury found

him guilty of aggravated kidnaping and rape, violations of sections 10—2 and 11—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 10—2, 11—1). The jury also found defendant guilty of kidnaping, unlawful restraint, and battery, violations of sections 10—1, 10—3, and 12—1 of the Code (Ill. Rev. Stat. 1975, ch. 38, pars. 10—1, 10—3, 12—1), but the court vacated the judgments entered on those verdicts after it imposed sentence for the rape and aggravated kidnaping offenses.

During the early morning hours of February 20, 1977, the defendant and Douglas Miller followed a young woman's automobile as she drove home from work. The men pulled their green Chevrolet in front of the victim's automobile, forcing her to stop at the side of the road. Miller then approached the woman and requested a tire tool to use in repairing his wobbly wheel. Miller pulled a knife, forced his way into the woman's automobile, told her to place a blindfold over her eyes and he started driving. Thereafter, Miller stopped and told the woman to enter the men's automobile which was, by that time, parked nearby. The woman was ordered to remove her clothing and to lie down on the back seat where, while still blindfolded, the two men raped her. Each man raped the woman while the other drove the vehicle around the essentially rural countryside.

On appeal, the defendant contends: (1) that the jury should have been instructed on the question of whether the evidence established beyond a reasonable doubt that the offense occurred in Macon County; (2) that he was prejudiced by the presentation of Susan Kee's irrelevant testimony to the jury; (3) that the court abused its discretion in excluding a police officer's testimony concerning Miller's pretrial statement that the victim consented to intercourse; (4) that the State failed to prove beyond a reasonable doubt that the defendant and victim were not married to each other; and (5) that the court abused its discretion by imposing excessive sentences.

■■ An averment that a crime was committed in a particular county is a material element in the State's case and must be proved beyond a reasonable doubt. (*People v. White* (1975), 26 Ill. App. 3d 659, 661, 325 N.E.2d 313.) If venue is a controverted issue in the case, then the question of venue must be submitted to the jury for resolution. (*People v. Anderson* (1934), 355 Ill. 289, 303, 189 N.E. 338; *People v. Trejo* (1976), 40 Ill. App. 3d 503, 510, 352 N.E.2d 68.) An allegation that the State has failed to prove the location of the offense does not also attack the sufficiency of the indictment, because the indictment need only allege the situs of the crime with sufficient particularity to notify the defendant of the offense with which he is charged. (*People v. Blanchett* (1965), 33 Ill. 2d 527, 532-35, 212 N.E.2d 97; *People v. Ondrey* (1976), 65 Ill. 2d 360, 363, 357 N.E.2d 1160.) An allegation that the State has failed to prove the location of the

offense must also be distinguished from an objection to improper place of trial which can be waived unless objected to before trial. See section 1—6 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 1—6).

In the instant case, the court refused to give Defendant's Instruction No. 2, a non-I.P.I. instruction, which stated: "The Court instructs the jury that the State must prove beyond a reasonable doubt that each and every element of an offense occurred in Macon County, Illinois. If you find reasonable doubt that any element occurred outside Macon County, Illinois, you should find the Defendant not guilty of that offense." As *Anderson* and *Trejo* clearly hold, this instruction or one similar to it should be given to the jury only when the evidence raises a question as to the propriety of venue.

In the instant case, the victim's testimony clearly reflects that she was abducted in Macon County and that she was raped shortly after her abductor's automobile reached the dead end of a curving road. Because she was blindfolded, the victim was unable to testify that she was raped in Macon County, although Deputy Sheriff Mark Cheviron testified that the defendant described the general location of the rapes to him in a pre-trial custodial interview. Without objection, Cheviron testified that the defendant told him that the rapes occurred close to Decatur, that the victim was not transported to any of the outlying towns around Decatur and that the victim was not transported more than 10 miles from Decatur. Cheviron testified that the area described by the defendant was almost entirely within Macon County and that the dead end roads described by the victim and defendant matched the description of dead end roads near Lake Decatur in Macon County.

We believe that the tendered instruction should have been given in the instant case (*Anderson; Trejo*); however, because the testimony presented at trial was sufficient to establish venue beyond a reasonable doubt, we find that the failure to instruct was harmless error in the context of this case. (*People v. Barksdale* (1974), 24 Ill. App. 3d 489, 496, 321 N.E.2d 489.) We hold that *Anderson* and *Trejo* do not require the giving of a non-I.P.I. instruction on proof of venue where, as a question of law, there is only "some evidence" that the venue may be improper. Rather, the instruction required by *Anderson* and *Trejo* must be given only if the evidence raises a factual question as to whether venue had been proved beyond a reasonable doubt, *i.e.*, where the evidence is only sufficient to avoid a directed verdict.

Prior to the testimony of Susan Kee, defendant filed a motion *in limine* to exclude Kee's testimony for the reason that it would be irrelevant and extremely prejudicial. Although the court denied the motion, after hearing Kee's testimony, the court struck it and instructed the jury to disregard it. Kee's testimony was that, on February 20, 1977, she was

followed by two men in a green automobile. She said that the automobile pulled in front of her, forced her to stop and that one of the men approached her to ask for assistance and "jumper" cables. When the man reached her car, she drove away. The witness was unable to directly link the defendant or Miller to her encounter on February 20, 1977, so the court struck the testimony.

■■ When a motion *in limine* is made, the trial judge must exercise his discretion in granting the motion or in denying it, thereby leaving to the unsuccessful movant the procedure of specially objecting to the evidence when it is offered at trial. (*Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 195, 359 N.E.2d 752.) In the instant case, we cannot say that the trial judge abused his discretion in denying the motion when it was offered. Had the witness been able to more directly connect her encounter on February 20, 1977, to the defendant or Miller, her testimony would have been clearly relevant and properly admissible. (*People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295, 297.) Its relevance, however, could not be tested until after the witness testified, so we find no abuse of discretion in the denial of the motion *in limine*, the ultimate striking of the testimony or in the judge's instruction to the jury to disregard.

Defendant contends that the court abused its discretion in granting a motion *in limine* which prevented him from calling Deputy Sheriff Cheviron to testify that Miller told Cheviron that on February 20, 1977, the victim consented to the acts of intercourse. Defendant specifically contends that the statement was a declaration against penal interest which tended to exculpate the defendant and which should have been admitted as an exception to the hearsay rule in accordance with *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038, *People v. Craven* (1973), 54 Ill. 2d 419, 299 N.E.2d 1, and *People v. Ireland* (1976), 38 Ill. App. 3d 616, 348 N.E.2d 277.

■■ McCormick states that "Hearsay evidence is testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." (Emphasis omitted.) (McCormick, Evidence §246, at 584 (2d ed. 1972).) Unless an exception to the hearsay rule applies, the hearsay testimony should be excluded because the asserter or declarant is not under oath, not personally present before the fact-finder, and not available for cross-examination. (McCormick, Evidence §245, at 581-84 (2d ed. 1972).) In the instant case, Miller's statement to Cheviron is not admissible as a declaration against penal interest, a hearsay exception, because the statement is self-serving in nature and because Miller had a clear motive to falsify the statement, *i.e.*, to absolve himself of criminal responsibility.

(*Chambers; Ireland.*) We, therefore, hold that the trial court did not abuse its discretion in excluding the hearsay testimony.

■■ Defendant contends that the State failed to establish beyond a reasonable doubt that the victim and defendant were not married to each other at the time of the rape. While there is no direct testimony proving that the victim and defendant were not married, the victim did testify that she was not acquainted with defendant prior to the abduction and that she was properly referred to as a Miss, not a Mrs. In our opinion, this testimony was sufficient to establish beyond a reasonable doubt that the victim and defendant were not married to each other on February 20, 1977.

■■ The sentences imposed in this case are within the statutory limits for Class 1 felonies and our careful review of the record fails to disclose an abuse of discretion by the court which imposed those sentences. Absent evidence of such an abuse in the record, we decline to tinker with the sentences imposed by the sentencing judge. *People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883; *People v. Honn* (1977), 47 Ill. App. 3d 378, 383, 362 N.E.2d 90, 94; *People v. Hines* (1976), 44 Ill. App. 3d 204, 206, 357 N.E.2d 884, 885.

For the foregoing reasons, we affirm the convictions and sentences entered in this cause.

Affirmed.

GREEN, P. J., and CRAVEN, J., concur.