WILLIAM MOORE, Adm'r of the Estate of Minnie Moore, Deceased, Plaintiff-Appellant, v. JANIS BELLAMY, Defendant-Appellee.

Fifth District No. 5—87—0628

Opinion filed May 3, 1989.

Peter E. Popit, of Caldwell, Troutt, Alexander, Quindry & Popit, of Benton, for appellant.

Charles E. Schmidt and Rebecca Whittington, both of Mitchell, Brandon & Schmidt, of Carbondale, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On a cold and drizzly morning on April 1, 1983, plaintiff's decedent was killed in a head-on vehicular collision in Franklin County, Illinois. Just prior to the collision, a line of cars was traveling west on Illinois State Route 14. The first of these was occupied by Apryl Malkovich, followed by one or more unidentified vehicles, followed by a car driven by Janis Bellamy and then the decedent's vehicle. At the

time of the accident, William Collier was driving a semitractor trailer eastbound on Route 14, when he collided head-on with the pickup truck driven by the decedent. Illinois State Route 14 intersects with the Eakin Grove Road. Immediately prior to the accident Apryl Malkovich activated her turn signal and slowed her vehicle in order to turn left onto Eakin Grove Road. Ms. Malkovich testified that she waited to make her turn while the semitractor trailer that was traveling eastbound drove past. Upon executing her turn and continuing down Eakin Grove Road, Ms. Malkovich heard the collision.

Plaintiff, as administrator of the decedent's estate, filed a complaint against Janis Bellamy alleging that, at the time of the accident, Apryl Malkovich brought her vehicle to a stop in preparation for making a left turn and that Janis Bellamy acted negligently in suddenly and unreasonably slowing or stopping her vehicle on the roadway and in failing to keep a proper lookout. Plaintiff alleged that as a proximate result of Janis Bellamy's negligence Janis Bellamy did apply the brakes on her vehicle and did slide upon the roadway and onto the shoulder, thereby proximately causing plaintiff's decedent to turn or slide out of the westbound lane of travel and into the eastbound lane, running head-on into the semitractor trailer.

Following a jury trial, verdict was returned for the defendant and judgment was entered upon the verdict, from which plaintiff appeals. Plaintiff asserts that judgment should be reversed and a new trial ordered. As grounds, plaintiff argues that the trial court committed prejudicial error by failing to rule upon plaintiff's motion *in limine* seeking the exclusion of a hearsay statement and thereafter denying plaintiff's motion for mistrial made after the defendant improperly testified concerning the hearsay statement. Plaintiff also urges on appeal that the trial court abused its discretion in not finding the improper closing argument of defense counsel so prejudicial as to deny plaintiff a fair trial.

Prior to trial plaintiff's counsel moved *in limine* that the defendant not make reference to any statement allegedly made by an unidentified occurrence witness. The court denied the motion *in limine*, ruling that if and when the problem developed at trial counsel could then voice an objection and the court would deal with the matter at that time. At trial defendant Bellamy testified that, just prior to the accident, she was traveling westbound when she came upon vehicles in the westbound lane. She stated that when she saw the vehicles in her lane she applied her brakes, and in sensing that there was a lack of traction, she drove off the road onto the shoulder and stopped. She then turned to reassure her two boys in the backseat. Mrs. Bellamy

stated that she then heard a noise and got out of her car to investigate. The testimony of Mrs. Bellamy as to what then happened is as follows:

"MRS. BELLAMY: I got out of the car and walked to the back of my car, when I heard, she tried to pass; help that lady.

MR. MITCHELL: I am going to object to that. That's inappropriate.

THE COURT: All right. Sustained.

MS. WHITTINGTON: You got out of your car—

THE COURT: The jury is instructed, also, to disregard that answer.

MS. WHITTINGTON: Why did you go to the back of your car, to look at something?

MRS. BELLAMY: Because I thought perhaps I had done something to the muffler or exhaust system. I had no idea what the noise was.

MS. WHITTINGTON: Did you look around besides the area of your car?

MRS. BELLAMY: No, not until I was hollered at.

MS. WHITTINGTON: Then did you look at any particular area?

MRS. BELLAMY: Yes, I did. I looked at the lady in the yard across the road who was hollering at me.

MS. WHITTINGTON: Okay. And is there a general direction, if you remember, from where your car was that you turned and looked?

MRS. BELLAMY: It would have been southeast just a bit.

MS. WHITTINGTON: Did you then continue to look at the area around your car and any other area around?

MRS. BELLAMY: Not around my car because the lady was pointing back down the road.

\* \* \*

MS. WHITTINGTON: Did you notice anything about the automobile accident before you looked back east and north?

MRS. BELLAMY: No, only what the lady told me.

MR. MITCHELL: Show my objection again. Actually, I think it has gone so far at this point with that and with shouting or saying that answer loudly over my objection previously that it is impossible to cure. I move for a mistrial. Excuse me."

Out of the presence of the jury, plaintiff's counsel again stated its objection to Janis Bellamy's reference to the unidentified occurrence witness. The court ruled that the testimony with regard to Mrs. Bella-

my's conversation with the unidentified lady was improper. The court further ruled that there was no foundation laid to create a spontaneous utterance, which may have rendered the testimony admissible. Defense counsel and the defendant were then instructed not to make any further references to the unidentified witness. The following offer of proof was then made by defense counsel:

"COUNSEL: Mrs. Bellamy, did you hear a lady at the scene of the occurrence make a statement to you?

MRS. BELLAMY: Yes, I did.

COUNSEL: What was the statement she made?

MRS. BELLAMY: She tried to pass; help that lady.

COUNSEL: And can you tell me when that statement was made after you heard the noise which you believed to be the accident?

MRS. BELLAMY: I was out of the car and around to the back of my car.

COUNSEL: Was it moments after the impact occurred in your judgment?

MRS. BELLAMY: Yes.

COUNSEL: Okay. And when the lady made those statements, what tone of voice, what was her mannerism when she made those statements?

MRS. BELLAMY: Very excited."

The court sustained the objection as to the offer of proof. Upon bringing the jurors back in, the court instructed them to disregard the statement of Mrs. Bellamy as to the unknown woman at the scene of the occurrence. On appeal plaintiff contends the trial court erred in denying plaintiff's motion *in limine* seeking exclusion of the hearsay statement, and also in denying plaintiff's motion for mistrial after the hearsay declaration of the unidentified bystander was improperly admitted into evidence. We first consider the court's denial of plaintiff's pretrial motion *in limine*.

▮ A motion *in limine*, made before trial, seeks an order excluding certain evidence on the ground that it is inadmissible (*Department of Public Works & Buildings v. Sun Oil Co.* (1978), 66 Ill. App. 3d 64, 383 N.E.2d 634; *Department of Public Works & Buildings v. Roehrig* (1976), 45 Ill. App. 3d 189, 359 N.E.2d 752), and its grant or denial is a matter within the trial court's discretion (*People v. McClain* (1978), 60 Ill. App. 3d 320, 376 N.E.2d 774). When a motion *in limine* is made, the trial judge must exercise his discretion in granting the motion or in denying it, thereby leaving to the unsuccessful movant the procedure of objecting to the evidence when it is offered at trial. *Peo-*

*ple v. McClain*, 60 Ill. App. 3d at 324, 376 N.E.2d at 777, citing *Department of Public Works & Buildings v. Roehrig*, 45 Ill. App. 3d at 195, 359 N.E.2d at 759; *Romanek-Golub & Co. v. Anvan Hotel Corp.* (1988), 168 Ill. App. 3d 1031, 1040, 522 N.E.2d 1341, 1347.

In the instant case the court denied plaintiff's motion *in limine*, and in its post-trial memorandum of decision and final order, the court commented that when a motion *in limine* is presented which deals with the hearsay rule and its numerous exceptions, the court prefers to wait until the matter is presented at trial and have objections made at that time. Although we find the hearsay statement of the unidentified occurrence witness admissible as a spontaneous utterance, we find the trial court did not follow the appropriate procedure in ruling upon the motion *in limine*.

█ It is well recognized that, in ruling on a motion *in limine*, the threshold question is whether the rules of evidence require exclusion of the subject matter of the motion. If not the motion must be denied. If the subject matter should be excluded, the trial court then has the discretion to grant or deny the motion, leaving it to the moving party to specifically object at trial. (*People v. Williams* (1978), 60 Ill. App. 3d 529, 532-33, 377 N.E.2d 367, 370; *Department of Public Works & Buildings v. Roehrig*, 45 Ill. App. 3d at 194-96, 359 N.E.2d at 759.) It is apparent that the trial court did not even consider the initial question of whether the rules of evidence required exclusion of the subject matter of the motion. During pretrial argument on plaintiff's motion *in limine*, the court interposed its ruling to deny the motion, stating that it could not deal with a complex question such as the parties presented on the basis of a motion *in limine*.

█ █ We find that the trial judge acted improperly in denying the motion when it was offered. Had the court not summarily denied the motion because it dealt with the hearsay evidence rule, as is suggested was done by the court's memorandum and decision of final order, the parties could have presented argument as was presented during trial when the issue of admissibility of the declaration arose. It is clear that the admissibility of the declaration could easily have been tested during pretrial, and the court could have properly applied the accepted procedure for ruling on a motion *in limine*. Notwithstanding the improper procedure employed in ruling on the motion *in limine*, the court's ruling must be regarded as harmless error because we find the hearsay statement of the unidentified occurrence witness admissible as a spontaneous utterance.

█ Three factors are necessary to bring a statement within the excited utterance exception to the hearsay rule: (1) an occurrence suf-

ficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence. (*People v. Poland* (1961), 22 Ill. 2d 175, 181, 174 N.E.2d 804, 807.) These factors were present in the instant case, and the statement qualifies under the exception. Nevertheless, plaintiff maintains that the trial court properly ruled the evidence was inadmissible, because the bystander was unknown. Plaintiff argues that there were no eyewitnesses to the decedent's operation of her vehicle prior to the accident, and the hearsay remark could do nothing but influence the minds of the jurors and lead them to the self-serving conclusion which defendant desired.

 The declaration need not be made by a participant of the event to qualify as an excited utterance, but may be that of a bystander. (*People v. Poland*, 22 Ill. 2d at 181, 174 N.E.2d at 807; *People v. Fields* (1979), 71 Ill. App. 3d 888, 893, 390 N.E.2d 369, 372.) Here the defendant testified that it wasn't until she heard the woman shout to her to help the lady who tried to pass that she realized there had been an accident. It clearly appears the declarant personally observed the accident, but it is the declarant's existence and observation which is challenged here. Plaintiff's contention that the inability to cross-examine the declarant prevented effective argument regarding the reliability of the observation is not persuasive. The declaration is admissible regardless of declarant's presence at trial, and regardless of whether the declarant's identity is established. (*People v. Fields*, 71 Ill. App. 3d at 893-94, 390 N.E.2d at 372.) Furthermore, spontaneous declarations or excited utterances, even if self-serving, are admissible if they otherwise meet the test of admissibility. (*Walczak v. General Motors Corp.* (1976), 34 Ill. App. 3d 773, 776-77, 340 N.E.2d 684, 687; *Sullivan v. Heyer* (1939), 300 Ill. App. 599, 601, 21 N.E.2d 776, 777.) The factors relating to the declarant's subjective or objective ability to observe could ordinarily be sufficiently developed through examination of other witnesses at trial and argued to the finder of fact to discredit the accuracy and unreliability of the declaration. The weight and credibility to be given to the declaration would be considered with the other evidence in reaching a verdict. (*People v. Fields*, 71 Ill. App. 3d at 894, 390 N.E.2d at 372.) In the instant case, plaintiff could have argued to the jury that the only person who claimed they saw the unknown bystander was the defendant and that the police who investigated the accident were unable to locate the unidentified bystander. In this manner the unreliability of the declaration could properly and effectively have been argued to the jury.

Plaintiff on appeal next urges this court to reverse the judgment

of the trial court, on grounds that defense counsel's improper closing argument was so prejudicial that it denied plaintiff a fair trial. As this issue concerns the giving of Illinois Pattern Jury Instructions, Civil, No. 5.01 (2d ed. 1971) (hereinafter cited as IPI Civil 2d), we must first consider whether the giving of IPI Civil 2d No. 5.01 over defendant's objection was improper. We think not.

▆▆ Josh and Joey Bellamy were ages 9 and 10 at the time of the accident herein. They were passengers riding in the backseat of their mother's, Janis Bellamy's, car. Neither boy was called to testify at trial. During the jury instruction conference, plaintiff tendered and the court accepted over defendant's objection IPI Civil 2d No. 5.01, which reads:

"If a party to this case has failed to produce a witness within his power to produce, you may infer that the testimony of the witness would be adverse to that party if you believe each of the following elements:

1. The witness was under the control of the party and could have been produced by the exercise of reasonable diligence.

2. The witness was not equally available to an adverse party.

3. A reasonably prudent person under the same or similar circumstances would have produced the witness if he believed the testimony would be favorable to him.

4. No reasonable excuse for the failure has been shown."

The giving of this instruction is within the sound discretion of the trial court, and a reviewing court will reverse only where a clear abuse of discretion appears of record. *Tonarelli v. Gibbons* (1984), 121 Ill. App. 3d 1042, 1046-47, 460 N.E.2d 464, 468; *Hicks v. Hendricks* (1975), 33 Ill. App. 3d 486, 342 N.E.2d 144.

▆▆ ▆ Defendant contends that the first two elements of IPI Civil 2d No. 5.01, requiring the witness to be under the control of the party and not equally available to the adverse party, were not shown in this case. Defendant argues that plaintiff previously deposed Josh and Joey Bellamy and that plaintiff could easily have subpoened the boys as witnesses at trial. Where a witness who has knowledge of the facts and is accessible to a party is not called by a party, an inference arises that his testimony would be adverse to that party, and an instruction could or should be given to that effect upon request. (*Tonarelli v. Gibbons*, 121 Ill. App. 3d at 1047, 460 N.E.2d at 468; *Bassi v. Morgan* (1965), 60 Ill. App. 2d 1, 208 N.E.2d 341.) Although the inference does not apply if the witness was equally available to either party, a witness is not considered equally available to a party if

there is a likelihood that he would be biased against that party (*Tonarelli v. Gibbons*, 121 Ill. App. 3d at 1047, 460 N.E.2d at 468; *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865), as for example a relative or an employee of the other party. (See IPI Civil 2d No. 5.01, Comment, at 42.) In the instant case, Josh and Joey Bellamy were of tender years and are the defendant's sons. Under such circumstances it is highly probable that they would have been biased against the plaintiff, and therefore, we cannot say the boys were equally available to both parties.

██ ██ Defendant also argued against allowance of IPI Civil 2d No. 5.01 on grounds that elements 3 and 4 of the instruction were not shown to exist. Defendant contends that the boys knew nothing of the facts involving the accident and that a reasonably prudent person under similar circumstances would not have called the boys as witnesses. Defendant cites the depositions of Josh and Joey as proof that the boys knew nothing of any relevance which would serve this case. The trial court dismissed defendant's argument, reasoning that as the boys were passengers in the car at the time of the accident, they were privy to the action of the car itself and the occurrences surrounding it, and there was no reasonable excuse for failure to call them as witnesses. We find no abuse of the trial court's discretion in allowing IPI Civil 2d No. 5.01.

Counsel for defendant, in an attempt to lessen the effect of IPI Civil 2d No. 5.01, took the opportunity in closing argument to advise the jury that plaintiff could have called the boys as witnesses, just as easily as defendant could have called them. Plaintiff objected to defendant's argument as being against IPI Civil 2d No. 5.01, which was to be presented to the jury. The court sustained the objection. The question for our review is whether counsel's comment was so prejudicial as to deny plaintiff a fair trial.

██ Defendant argues that her closing argument comment was made in rebuttal to the comments plaintiff made in her closing argument stressing the defendant's failure to call Josh and Joey Bellamy as witnesses. Defendant fails to recognize that the failure of a litigant to call a witness within the control of such litigant is a proper subject of comment. (*Tonarelli v. Gibbons*, 121 Ill. App. 3d at 1048, 460 N.E.2d at 469; *Nakis v. Amabile* (1981), 103 Ill. App. 3d 840, 846, 431 N.E.2d 1255, 1260.) Reference to the defendant's failure to call the boys in the plaintiff's closing argument was not improper. However, reference by defendant to the plaintiff having equal ability to call the boys as witnesses was improper. Closing argument of counsel must conform to the instructions which the court has indicated it will

give. (*Abrams v. City of Mattoon* (1986), 148 Ill. App. 3d 657, 668, 499 N.E.2d 147, 154.) It is apparant to this court that counsel for defendant was undertaking to slant or distort the jury instruction which was to be given. It was proper for the court to sustain the plaintiff's objection as to defendant's comment. Although the comment was improper, it was only a small part of the argument, objection to the comment was sustained, and no other improper comments were made in the presence of the jury. For the foregoing reasons, judgment of the circuit court is affirmed.

Affirmed.

GOLDENHERSH and HOWERTON, JJ., concur.