*In re* MARRIAGE OF SAMUEL J. JENKINS, Petitioner-Appellant, and BARBARA LEE JENKINS, Respondent-Appellee.

Fifth District No. 81-145

Opinion filed May 19, 1982.

388

James M. Martin, Mark R. Bahn, and John Malec, all of Martin, Bahn and Cervantes, of St. Louis, Missouri, for appellant.

M. Joseph Hill, of Mateyka, Hill, Hill and Armstrong, of Granite City, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Following the dissolution of the marriage of Samuel J. and Barbara Lee Jenkins, the court entered an order disposing of the couple's property and awarding custody of the minor children to respondent. Samuel Jenkins appeals from the denial of his motion to vacate the court's disposition order. On appeal, Jenkins charges that the trial court erred by awarding Barbara Jenkins: (1) certain property in lieu of long-term maintenance and (2) primary custody of the minor children. We affirm the trial court's order.

In the order entered by the trial court, the judge decreed that Samuel Jenkins must pay $250 a month maintenance, for a period of six months, in order to give his former wife "an opportunity to seek a better paying employment, * * *." The court found that Mrs. Jenkins was entitled to this amount pursuant to section 504 of the Illinois Marriage and Dissolution of Marriage Act, because she was without sufficient income or marital property to provide for her own needs at that time. (Ill. Rev. Stat. 1979, ch. 40, par. 504.) It found further that petitioner was in a financial position to make these payments.

Section 504 states that a spouse without sufficient income or marital property is eligible for maintenance, "in such amounts and for such periods of time as the court deems just * * *, after consideration of all relevant factors * * *."

■■ Having reviewed the record, we feel it was just and reasonable for the

judge to provide respondent with a small temporary maintenance award for several months in order that her financial situation would improve. It is plain that the judge took into account the overall picture in coming to this decision. (See *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627, 636.) Thus, we cannot say that he abused his discretion in directing Mr. Jenkins to pay the rehabilitative maintenance. See *In re Marriage of Reed* (1981), 100 Ill. App. 3d 873, 876.

The trial judge, after ordering Mr. Jenkins to pay $250 a month maintenance, then distributed the marital home and certain other items to Mrs. Jenkins "in lieu of long-term permanent maintenance." Petitioner challenges the division of marital property on the basis that an award of maintenance may not be made in conjunction with an award of property in lieu of maintenance. He maintains that the two awards are inconsistent and violate the policy of the Marriage and Dissolution of Marriage Act. However, he has misinterpreted the spirit of the act, as well as the trial court's intent. First, the new act "intended to enlarge greatly the discretion of courts in providing for just and equitable property settlements and maintenance awards." (*In re Marriage of Gan* (1980), 83 Ill. App. 3d 265, 271.) The comments to section 503(c)(9) specifically address the scope of this discretion as it applies to awards of property in lieu of maintenance:

> "This subsection is consistent with the purpose of the Act to make the division of property 'the primary means of providing for the future financial needs of the spouses.' [Citation.] Where the property is insufficient for this purpose, maintenance can be awarded. If, however, the property is sufficient the property distribution will be 'in lieu of maintenance', which thus precludes future claims to maintenance." Ill. Ann. Stat., ch. 40, par. 503(c)(9), Historical and Practice Notes, at 472 (Smith-Hurd 1980).

We do not interpret that comment, nor do we interpret the comment to section 504(b) (that an award of property in lieu of maintenance under section 503(c)(9) bars maintenance), as necessarily excluding the type of award made in this case. (Ill. Ann. Stat., ch. 40, par. 504(b), Historical and Practice Notes, at 528 (Smith-Hurd 1980).) Both comments merely suggest that if a spouse is awarded property in lieu of maintenance, then that spouse will not be awarded permanent maintenance as well.

■■ Here, however, respondent was awarded short-term, temporary maintenance along with property in lieu of long-term, permanent maintenance. This is logically consistent. The trial judge exercised sound discretion, making the division of property the primary means of allocating the future financial responsibility of Mr. Jenkins to his former wife. In disposing of the property in this manner, he acted entirely within the spirit and purpose of the act. We note, parenthetically, that the trial judge's labeling the award "permanent maintenance" was apparently a misnomer

because he set the term for six months. Such a minor defect does not impair the validity of the decree.

Mr. Jenkins also argues that it was an abuse of discretion to award "such a substantial block of property" to respondent when the court knew that she intended to remarry soon. It is his position that long-term periodic maintenance would have been more appropriate since, upon her remarriage, his obligation to make such payments would end. While this might be somewhat relevant to a judge's decision, other factors must necessarily figure into an award of property, e.g., the custodial provisions of the children, the earning potential of both parties, and the value of any nonmarital assets. (Ill. Rev. Stat. 1979, ch. 40, par. 503(c).) Here the court weighed all relevant factors and disposed of the property fairly. We see no reason to disturb the ruling on review.

■■ Petitioner's second contention is that the trial court erred in awarding primary custody of the minor children to respondent in view of their preference to remain with their father. It is well settled that the court must determine custody based on the best interests of the child. (Ill. Rev. Stat. 1979, ch. 40, par. 602.) As this court remarked in Applegate v. Applegate (1980), 80 Ill. App. 3d 81, 85, the child's preference is significant when determining custody, particularly when it is "based upon reasons related to their welfare and best interests." In spite of petitioner's attempts to convince the court otherwise, however, we see no evidence that the children's preference was based on reasons related to their welfare or best interests. Nothing in the record supports the contention that the children should fear for their safety. Thus, their preference properly became but one of many factors the judge considered in making the custody award. After considering these factors, he decided that the best interests of all three children would be served by separating the eldest son, Scott, from the younger children and placing the younger ones with their mother. We find ample evidence in the record to support this arrangement, and thus we affirm the trial judge's decision.

■■ Finally, petitioner argues that his motion to vacate constitutes a request for a change of custody pursuant to section 610 of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610), and that, therefore, the court should have heard the additional evidence pertaining to custody which was offered by Mr. Jenkins. We hold that the trial judge was correct in refusing to admit further evidence. At the posttrial hearing, he afforded Mr. Jenkins and his children an opportunity to show that their emotional or physical health was in jeopardy, but as the court said, "What we have heard today is not drastic as to why the children are leaving or going anywhere. I don't feel that any further testimony would have sufficed on a previous record." Since the petitioner's motion was not made pursuant to the dictates of section 610(b),

and since no extreme emergencies have arisen, the court properly decided that it was not in a position to hear a motion for change of custody at that time.

Consequently, we affirm the judgment of the trial court on all matters raised by petitioner.

Affirmed.

KASSERMAN and JONES, JJ., concur.