*In re* MARRIAGE OF SUSAN C. HINDENBURG, Petitioner-Appellant, and WILLIAM B. HINDENBURG, Respondent-Appellee.

Second District    No. 2—91—0545

Opinion filed April 14, 1992.

Harry Schaffner, of Schaffner & Van Der Snick, P.C., of Geneva, for appellant.

James P. Minnihan, of Minnihan Law Offices, of Sycamore, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Petitioner, Susan Hindenburg, appeals the judgment of the circuit court of De Kalb County which, among other things, awarded permanent custody of the parties' two children to respondent, William Hindenburg. On appeal, petitioner contends that (1) the court erred in conducting an *in camera* interview with the children without the presence of the parties' attorneys and in not immediately releasing the transcript of that interview; (2) that these errors cannot be considered harmless; and (3) that the court improperly considered evidence of "marital misconduct" in making the custody determination.

The parties had previously been married to each other, but were divorced in 1985. During the first marriage two children were born, William, born in 1983, and Andrew, born in 1985. The parties remarried August 13, 1988, but separated early in 1989. Petitioner filed the instant petition for dissolution of marriage on April 10, 1989.

The primary contested issue was that of custody of the parties' children. The court awarded temporary custody to petitioner. After trial, however, the court granted permanent custody to respondent. The court granted petitioner liberal visitation and ordered her to pay $70 per week for child support.

On February 20, 1991, the court conducted an *in camera* interview with the children. The attorneys for the parties were not present. A court reporter was present, but the court ordered the transcript impounded. The court announced its decision March 8, 1991. On March 14, 1991, the court entered a judgment order in conformance with its ruling. On April 4, 1991, on petitioner's motion, the court vacated its order impounding the transcript. Petitioner subsequently filed a post-trial motion, which the court denied. Petitioner filed a timely notice of appeal.

On appeal, petitioner maintains that it was error to interview the children *in camera* in the absence of the parties' counsel or a valid waiver of the presence of counsel. She further contends that it was error to impound the transcript and that these errors cannot be considered harmless under the facts of the case. Finally, petitioner contends that the court improperly considered evidence of "marital misconduct" in making the custody determination.

■ Section 604 of the Illinois Marriage and Dissolution of Marriage Act (the Act) provides for *in camera* interviews. Specifically, that section provides as follows:

> "The court may interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation. Counsel shall be present at the interview unless otherwise agreed

upon by the parties. The court shall cause a court reporter to be present who shall make a complete record of the interview instantaneously to be part of the record in the case." Ill. Rev. Stat. 1989, ch. 40, par. 604(a).

Petitioner contends that it was error to conduct the interview without the presence of counsel. Respondent replies that the record reflects a valid waiver of the presence of counsel. Specifically, at the hearing on petitioner's post-trial motion, the court stated as follows:

"My recollection is that there was a clear waiver by both counsel. I remember addressing the attorneys in advance of the in camera session with the children. *** I remember asking the attorneys if they wished to be present. Each of them indicated that they [*sic*] did not."

Petitioner contends that the court's recollection was mistaken and points out that the common-law record does not contain a written waiver.

■ Nothing in section 604 requires that the waiver be in any particular form, however. Moreover, there is absolutely nothing in the record to contradict the court's detailed recollection of a waiver by both attorneys. In the absence of a contrary indication in the record, this court must presume the trial court acted properly. (*Johnson v. Figgie International, Inc.* (1985), 132 Ill. App. 3d 922, 928; *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042.) The trial judge may rely on his own recollection, particularly where that recollection does not contradict the record, but rather supplies an omission to its contents. (*Paschen Contractors, Inc. v. Illinois State Toll Highway Authority* (1992), 225 Ill. App. 3d 930, 935-36; *People v. Brownstein* (1982), 105 Ill. App. 3d 459, 462-63.) In the instant case, although the court was clearly speaking from memory, there is simply nothing in the record to contradict the court's recollection. We note that no objection was made to the court's statement regarding its recollection of the conversation at which the waiver occurred. We will not assume that the court's memory was faulty absent some evidence in the record to the contrary.

Petitioner also appears to contend that her attorney's waiver was not binding on her, since section 604 provides that the waiver must be that of the parties. However, parties are presumed to act through their attorneys, and the action of an attorney in the conduct of a case is binding on his client. (*Ruggio v. Ditkowsky* (1986), 147 Ill. App. 3d 638, 645.) The waiver by petitioner's counsel was binding on her.

■ Petitioner next contends that the court erred by not immediately releasing the transcript of the *in camera* interview or at least

making findings of fact on the record. Petitioner cites the last sentence of section 604(a), which states, "The court shall cause a court reporter to be present who shall make a complete record of the interview instantaneously to be part of the record in the case" (Ill. Rev. Stat. 1989, ch. 40, par. 604(a)) and contends that this requires that the transcript be immediately placed in the court file. The court stated that its reason for impounding the transcript was to place the children further at ease by assuring them that their statements would not be immediately made known to the parties. Indeed, the entire purpose of the *in camera* interview procedure is to permit the court to ascertain the children's preferences free from the pressures and acrimony of open court. (*In re Marriage of Slavenas* (1985), 139 Ill. App. 3d 581, 585; *Oakes v. Oakes* (1964), 45 Ill. App. 2d 387, 392-93.) The requirement of a court reporter strikes a balance between the children's interest in a noncoercive environment and the parties' right to preserve a record for appeal. (*Slavenas*, 139 Ill. App. 3d at 585-86.) The word "instantaneously" in section 604 refers to the making of the record rather than the filing of the transcript in the record. (See Ill. Ann. Stat., ch. 40, par. 604, Historical & Practice Notes, at 56 (Smith-Hurd 1980).) In the instant case, a court reporter was present at the interview, and the transcript was eventually made available to the parties. We conclude that the court substantially complied with section 604.

Even if error occurred in temporarily impounding the transcript of the interview, we fail to see how petitioner was prejudiced. It does not appear from the record that either party moved to have the transcript released prior to the court rendering its decision. Had petitioner done so, she might well have had an opportunity to counter anything in the interview which allegedly prejudiced her. Moreover, the transcript was released prior to petitioner filing her post-trial motion, and the motion does not specifically object to anything which occurred at the *in camera* session. The transcript was made available prior to the disposition of her post-trial motion, and petitioner never attempted to offer additional evidence in response to the children's statements to the court. Even now, petitioner does not state what evidence she might present if given another opportunity to do so. Thus, petitioner's claim that the trial court effectively deprived her of the opportunity to present evidence to contradict or impeach the statements made by the children at that interview is without foundation.

Petitioner's attempt to distinguish *Slavenas* is unavailing. In that case, no court reporter was present at the interview because none was available, although the parties' attorneys were present. This

court held that the error in conducting the interview without the presence of a court reporter was harmless where the parties' son was able to testify in open court about his preference. (*Slavenas*, 139 Ill. App. 3d at 586.) In the instant case, a transcript was made and was later released to the parties. There is no showing in the record that petitioner was prevented from calling her sons to testify or offering other evidence to rebut or impeach their statements to the court. We conclude that even if error occurred, petitioner has not demonstrated any prejudice as a result.

Petitioner's final contention is that the trial court considered certain allegedly improper evidence in making the custody determination. This argument, however, is accompanied by neither citations to relevant portions of the record nor citations to relevant authority as required by Supreme Court Rule 341 (134 Ill. 2d Rules 341(e)(6), (e)(7)). Thus, this contention has been waived.

For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed.

Affirmed.

WOODWARD and McLAREN, JJ., concur.