In re MARRIAGE OF MICHAEL STUCKERT, Petitioner-Appellant, and JANICE ANN BROWNLEE, f/k/a Janice Stuckert, Respondent-Appellee.

Second District    No. 84—0868

Opinion filed December 4, 1985.

Charles L. Fierz, of Sycamore, for appellant.

James R. Buck, of Klein, Stoddard & Buck, of Sycamore, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

The petitioner, Michael Stuckert (Michael), appeals from the judgment of the trial court which denied his petition for modification of custody and awarded the respondent, Janice Brownlee, f/k/a Janice Stuckert (Janice), $8,090 in arrears for child support and alimony payments. Michael appeals only from the denial of custody modification.

Michael and Janice's marriage was dissolved by a Florida court's judgment on November 30, 1978. The decree awarded custody of

Stacey, the parties' child to Janice, with reasonable visitation for one month of each year to Michael. It further provided that the parties should alternate custody during the holidays, and that Michael should pay transportation costs for visitation, $50 a week for child support, and $25 a week for rehabilitative maintenance. Michael remarried in March 1979. During the summer of 1983, while Stacey was visiting her father, who had moved to Illinois, Janice developed health problems. It is undisputed that Stacey was allowed to remain in Illinois by agreement of the parties through March 1984.

In March, Janice contacted Michael and asked that Stacey be returned. Thereafter, on April 2, 1984, Michael registered the Florida judgment of dissolution of marriage in Illinois, and petitioned the circuit court of De Kalb County for a modification of custody. He was granted temporary custody. He also obtained a temporary restraining order which enjoined both parties from removing the child from Illinois and prevented Janice from having any contact with the child whatsoever. Janice filed a response to the petition for modification of custody and petitioned to dismiss, alleging that there was no legal basis for a change of custody and that Michael did not have "clean hands" due to his nonpayment of child support and maintenance. The court denied the motion to dismiss, continued the petition to change custody, and issued a rule to show cause for Michael's failure to pay child support and maintenance.

After a hearing, the court denied modification of custody, finding that while the child wished to remain with her father, Michael had failed to sustain his burden of showing by clear and convincing evidence that there had been a change of circumstances necessitating a change of custody to serve the best interests of the child under Illinois law. Judgment was entered in favor of Janice. Michael's motion for stay pending appeal was denied.

■■ Michael contends that the trial court erred in refusing to conduct an interview of the child, Stacey, who was 11 years old at the time the petition for modification was filed. Section 604(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1983, ch. 40, par. 604(a)) provides that a judge "may" interview the child in chambers. We find that the trial court did not err by refusing to interview the child in light of the discretionary language of the Act. *In re Marriage of Padiak* (1981), 101 Ill. App. 3d 306, 315; *DeYoung v. DeYoung* (1978), 62 Ill. App. 3d 837, 841.

We also find that the refusal to interview this child was not an abuse of discretion. The trial judge indicated that his reluctance to interview the child was due to his belief that a child naturally would

be swayed by adult pressure. However, the judge preserved the right to change his mind and to conduct an interview as the proceedings progressed. More importantly, the trial court considered the child's best wishes through other evidence by allowing hearsay evidence to be admitted through five witnesses who testified about Stacey's preference to remain with her father in Illinois. *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 49-50.

Further, the court's order specifically stated that the child wished to reside with her father. In the judge's memorandum to the parties, he considered Stacey's desire to remain with her father, and her adjustment to her home, school, church, and activities in Illinois. The record adequately indicates that the trial court was apprised of Stacey's preference and that it was given due consideration. See *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 49-50.

■ Michael next asserts, for the first time on appeal, that the Florida standard of proof, which is less stringent than the Illinois standard of clear and convincing evidence, should have been applied by the trial court. We find that this issue was waived by his failure to raise it in the trial court. *Anderson v. Anderson* (1975), 28 Ill. App. 3d 1029, 1035.

Michael next argues that the trial court erred in denying modification of custody for several reasons. First, Michael contends that the factors listed in section 602 of the Act were not considered by the trial court in reaching its conclusion.

■ It should be noted that specific findings of fact are not required under this section. (*In re Marriage of Shedbalkar* (1981), 95 Ill. App. 3d 136, 138.) On review, it only requires an indication in the record that the trial court considered the factors listed. (*In re Marriage of Kennedy* (1981), 94 Ill. App. 3d 537, 544.) Under the first factor, it is evident from the record that both parents wanted custody of the child. (Ill. Rev. Stat. 1983, ch. 40, par. 602(a)(1).) The trial court also noted that Stacey preferred to remain with her father. (Ill. Rev. Stat. 1983, ch. 40, par. 602(a)(2).) In addition, the evidence showed that Stacey had a good relationship with her father's new wife and her father and stepmother's children. (Ill. Rev. Stat. 1983, ch. 40, par. 602(a)(3).) Further, the trial judge found that the child had adjusted well to the home, school, and the community in which she was living while staying with her father. (Ill. Rev. Stat. 1983, ch. 40, par. 602(a)(4).) We find that the trial court properly considered each factor under the Act.

■ Second, Michael contends that because he had physical custody of Stacey for 15 months, and she has exhibited happiness and

adjustment, continuity and stability considerations should have been weighed more heavily in his favor by the trial court.

There is an underlying policy favoring finality of child custody judgments, and favoring the *present* custodian so as to promote stability and continuity in the child's custodial and environmental relationship. (*In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 786.) In fact, this policy is more persuasive when the initial custody determination was made by agreement of the parties. *Kraft v. Kraft* (1982), 108 Ill. App. 3d 590, 596.

In *Wechselberger*, a case similar to the instant case, the petitioner maintained physical custody of the child for 15 months and argued that integration had taken place. In rejecting the argument, this court noted that integration into the petitioner's family with the custodian's consent was a necessary condition to modification prior to the amendment of section 610(b) which became effective in 1982. (*In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 785; see Ill. Rev. Stat. 1981, ch. 40, par. 610(b).) While integration with consent of the custodian may still be a consideration in determining whether to modify, this court indicated that where the mother had entrusted the care of the children to the father because of her illness, and extended the length of the visitation due to financial worries and allowed the children to see their father, integration had not occurred with the mother's consent. (115 Ill. App. 3d 779, 787-88.) Similarly, Michael's claim of integration must be rejected since it was not with Janice's consent.

Michael's third argument, under this issue, is that the trial court improperly considered that Janice had little contact with Stacey while she was in Illinois. However, it is evident from the record that the trial court properly disregarded this fact because Janice was in Florida, she was ill during a large part of that time, and for several months she was prohibited from contacting the child by court order.

■ We reject Michael's last contention under this issue and find that the trial court's consideration of Michael's failure to pay child support and maintenance to be both relevant and proper for determining the best interest of the child. Although such nonpayments would not necessarily bar a modification, generally equity calls for a petitioner to have "clean hands" when asking for a modification of a decree. See *Edwards v. Edwards* (1970), 125 Ill. App. 2d 91; see also *In re Custody of Harne* (1979), 77 Ill. 2d 414, 423 ("[c]ertainly such evidence would be relevant in a hearing on the father's petition for custody of the children").

■ A trial court's determination of whether to modify a custody

judgment may only be reversed by a reviewing court when the determination is against the manifest weight of the evidence. (*In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 786.) In deciding whether to grant modification of a custody judgment, the party seeking to change custody must show by clear and convincing evidence that a change of circumstances has occurred and that modification is necessary to serve the best interest of the child. (Ill. Rev. Stat. 1983, ch. 40, par. 610.) We hold that the trial court did not abuse its discretion in denying modification of custody since its decision was not against the manifest weight of the evidence.

Michael's last claim of error is that the trial court erred in not appointing an attorney for Stacey Stuckert, as allowed by section 506 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 506). That section provides:

"The court may appoint an attorney to represent the interest of a minor or dependent child with respect to his support, custody and visitation."

Such an appointment is subject to the sound discretion of the trial court, and where a child's interests are vigorously asserted, appointment of separate counsel is not required. (*In re Custody of Roberts* (1982), 107 Ill. App. 3d 913, 919.) Stacey's interests and wishes were more than adequately asserted and considered by the trial court. We find that under the facts and record of this case, the trial judge did not abuse his discretion by denying appointment of separate counsel for Stacey.

For the foregoing reasons, we affirm the trial court's denial of petitioner's request for modification of custody.

Affirmed.

NASH, P.J., and HOPF, J., concur.