*In re* MARRIAGE OF JULI ANNE SIMMONS, Petitioner-Appellee and Cross-Appellant, and GREGORY SCOTT SIMMONS, Respondent-Appellant and Cross-Appellee.

Fifth District   No. 5—90—0737

Opinion filed October 18, 1991.

Donald V. Ferrell, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellant.

Norma Miner, of Marion, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The trial court entered a judgment of dissolution of the marriage of Juli Anne Simmons and Gregory Scott Simmons on July 12, 1990, and an amended judgment on October 12, 1990. Gregory Simmons appeals from the trial court's decisions on visitation and valuation of his business interest. Juli Simmons cross-appeals on the issues of property classification, deviation from child support guidelines, and the value of Gregory's business interest. We affirm.

Juli Anne Simmons and Gregory Scott Simmons were married on January 31, 1981. One child was born to the marriage on January 28, 1986. Juli Simmons filed for dissolution of the marriage January 12, 1989. On March 7, 1989, the parties entered into a stipulation regarding temporary custody and visitation, giving the mother temporary custody and the father specific visitation. Four witnesses were called on the valuation of Gregory's 40% interest in the Crossroads Sporting Goods Store. Dr. Donald Vaughn, a professor of finance at Southern Illinois University, Carbondale, was called by Juli. Gregory called Mr. Lee Simmons, his father and founder and 10% owner of Crossroads; Mike Simmons, brother and 50% partner in the store; and Mr. Douglas Thompson, a certified public accountant.

On July 12, 1990, the trial court changed the visitation from its temporary order. Under the new order Gregory was granted visitation every other weekend from Friday at 6 p.m. until Sunday at 8 p.m., every other Federal holiday, six weeks in the summer, and alternating Christmas and Easter spring break vacations. Gregory claims the trial court deprived him of his noncustodial weekday visitation without a factual basis for the change. Great discretion is vested in the trial court on issues of custody due to the judge's superior opportunity to evaluate the evidence and determine the best interests of the child. (*In re Marriage of Brooks* (1981), 97 Ill. App. 3d 921, 924, 424 N.E.2d 81, 83.) In cases regarding custody issues, there is a strong and compelling presumption in favor of the result reached by the trial court. The result will be reversed only if it is contrary to the manifest weight of the evidence. (*In re Marriage of Slavenas* (1985), 139 Ill. App. 3d 581, 587, 487 N.E.2d 739, 742-43.) Gregory claims that no evidence was offered to warrant the changes made concerning

visitation from the stipulated temporary agreement. The record does not support this claim. Juli Simmons testified that the temporary visitation schedule was not working out very well. The schedule was confusing to the child, and according to Mrs. Simmons, the problem would only get worse when the child began school. This was evidence upon which the trial court could have based its change. A temporary order is provisional in character and continues only during the pendency of the action. When the action becomes final, the temporary order has fulfilled its purpose and is superseded by the provisions of the final decree. (*Slavenas*, 139 Ill. App. 3d at 587, 487 N.E.2d at 743.) We hold that the trial court's ruling on visitation was not contrary to the manifest weight of the evidence.

■ Gregory also argues that the trial court erred in assessing the value of his interest in the Crossroads Sporting Goods store. On February 15, 1990, the trial court ruled that the defendant's 40% interest in Crossroads was marital property. The court also ordered the matter of valuation be reset for additional testimony. Juli retained Dr. Donald Vaughn as an expert witness. Dr. Vaughn valuated Greg Simmons' 40% interest at approximately $75,000. Gregory called his father, Lee Simmons, who was a 10% partner, his brother and 50% partner, Mike Simmons, and Mr. Douglas Thompson, a certified public accountant, to testify on the valuation issue. All three witnesses for defendant rated the interest as having zero value. The valuation of assets in an action for dissolution of marriage is a question of fact for the trial court to determine. Any conflicts in testimony concerning the valuation of such assets are matters to be resolved by the trier of fact. (*In re Marriage of Stone* (1987), 155 Ill. App. 3d 62, 70-71, 507 N.E.2d 900, 905.) Both parties presented expert testimony regarding the value of the disputed assets. The trial court considered the testimony and assessed a value of $30,000 to Gregory's 40% interest in Crossroads. Gregory claims the trial court refused to consider the opinion of Mr. Thompson and gave credence only to Dr. Vaughn. This claim is not supported by the record. The trial court assessed the value at $45,000 below that suggested by Dr. Vaughn, nearer in fact to the zero value expressed by Mr. Thompson. The trial court need not have ignored the personal interests of Lee and Mike Simmons when it considered their valuation of Crossroads. Though Gregory makes much of the fact that Dr. Vaughn did not have a balance sheet, the record shows that Mr. Thompson did not have one either. The record also shows that Crossroads had substantially increased its gross sales every year for the last five years, even after factoring in inflation. A firing range was constructed and added to the facility in 1986. Gross

sales increased by $23,000 from 1987 to 1988 and by $60,000 from 1988 to 1989. The valuation of assets in an action for dissolution of a marriage is a question of fact and the trial court's findings thereon will not be disturbed on review unless they are contrary to the manifest weight of the evidence. (*In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 349, 461 N.E.2d 447, 454.) The trial court had before it evidence of an ongoing, expanding business with an established clientele, substantially increasing gross sales, and no intention or desire to sell on the part of the owners. Considering these factors, we hold that the trial court did not abuse its discretion in determining the valuation of Gregory's 40% interest in Crossroads Sporting Goods to be $30,000.

■ On cross-appeal Juli Simmons claims that the trial court erred in finding that two parcels of real estate, an 80-acre tract and a 53½-acre tract, were nonmarital. The trial court's discretion on such determinations will not be disturbed on review unless it is contrary to the manifest weight of the evidence. (*In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 393 N.E.2d 1065.) The testimony of Lee Simmons indicated that he intended the transfer of interest in the lands as a gift to his children. This is supported by the fact that Gregory did not contribute toward the purchase of either property. In a dissolution of marriage proceeding, for a gift to be valid, there must be proof of donative intent. Such intent is presumed where, as here, the transfer is from parent to child. (*In re Marriage of Brown* (1982), 110 Ill. App. 3d 782, 784, 443 N.E.2d 11, 13.) Juli Simmons was required to present sufficient evidence to convince the trial court that Lee Simmons acted without donative intent. (*Brown*, 110 Ill. App. 3d at 784, 443 N.E.2d at 13.) The mere execution of a mortgage note is not sufficient to turn nonmarital property into marital property. (*In re Marriage of Drennan* (1981), 93 Ill. App. 3d 903, 907, 418 N.E.2d 30, 34.) It has been held that the evidence most relevant in determining donative intent is the donor's own testimony. (*Brown*, 110 Ill. App. 3d at 784, 443 N.E.2d at 13.) Lee Simmons' testimony was that he made a gift, and the trial court obviously found this evidence persuasive. We hold that the trial court's ruling that the two tracts of land were non-marital was not against the manifest weight of the evidence.

■ Juli Simmons also alleges the trial court erred in deviating from the statutory guidelines in assessing child support at an amount less than the statutory percentages. The uncontested testimony of Gregory Simmons, called as an adverse witness by Juli, established that he did not draw a salary from the Crossroads store until 1988. Juli used this in an attempt to demonstrate that she was the primary

source of income for the family. Juli has failed to demonstrate that Mr. Simmons' salary was different than the $185 per week testified to in trial. Given this rate, the award of $225 per month exceeds the 20% guideline (Ill. Rev. Stat., 1990 Supp., ch. 40, par. 505(a)(1)), and is a substantial increase over the $160-per-month child support agreed to in the temporary stipulation. Juli has failed to demonstrate that the trial court deviated from the statutory guidelines in assessing child support. We, therefore, affirm the trial court's ruling on child support.

Finally, Juli also alleges the trial court erred in its valuation of Gregory Simmons' 40% interest in Crossroads. We have already addressed the trial court's valuation and found no abuse of discretion in its ruling.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

LEWIS and HOWERTON, JJ., concur.