In re MARRIAGE OF ABBY R. MEADOW, Petitioner-Appellee, and MARTIN J. MEADOW, Respondent-Appellant.

First District (1st Division)   No. 1—92—1519

Opinion filed December 13, 1993.

Russell J. Stewart, of Park Ridge, for appellant.

Joel Ostrow, of Chicago (Alan Rugendorf, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

After 13 years of marriage to respondent, Martin Meadow, petitioner, Abby Meadow, sought a dissolution. Following a lengthy trial, the circuit court granted the petition, finding that irreconcilable differences had precipitated the break-up. The court awarded Abby custody of the couple's two children and gave Martin liberal visitation rights. No order of maintenance was entered because the circuit court found that the parties each had adequate means and education to support themselves. Martin raises no issues as to those portions of the court's order; however, he challenges the propriety of the circuit court's apportionment of the couple's marital property.

Martin argues that in apportioning the marital estate, the circuit court failed to apply the factors set forth in section 503(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 503(c)). Those factors include the contribution to or dissipation of the estate by each spouse, the value of the property set apart to each spouse, the duration of the marriage, the relevant economic circumstances of each spouse, any obligations and rights arising from a prior marriage, any antenuptial agreement, the age and health circumstances of each spouse, the custodial provisions for any children, maintenance, and the opportunity for future economic gain. Ill. Rev. Stat. 1989, ch. 40, par. 503(c).

Martin assails the circuit court's finding that the marital home was to be considered Abby's nonmarital property. The parties bought their home in 1985. Martin moved out of the home in November 1986, although he returned for a brief period in 1988. Abby has made the mortgage payments on the home since 1986. In March 1987, Martin asked Abby to sign over to him her interest in 12 lots of

unimproved property. In exchange, Martin gave Abby a quitclaim deed to the home. That deed was recorded one month later. The home has been valued at $230,000. The court considered the home to be nonmarital property as a result of the deed exchanges in 1987.

Prior to assigning or dividing property upon dissolution of marriage, the circuit court must classify it as either marital or non-marital property. (Ill. Rev. Stat. 1989, ch. 40, par. 503(a).) Section 503(a)(4) permits property to be classified as nonmarital if it was excluded "by valid agreement of the parties." (Ill. Rev. Stat. 1989, ch. 40, par. 503(a)(4).) The court's decision will not be reversed unless it is contrary to the manifest weight of the evidence. *In re Marriage of Simmons* (1991), 221 Ill. App. 3d 89, 581 N.E.2d 716.

Initially, we note that the circuit court specifically found Abby to be the more credible witness. Such findings cannot be overturned by this court unless they are against the manifest weight of the evidence. (See *In re Marriage of Dwan* (1982), 108 Ill. App. 3d 808, 439 N.E.2d 1005.) Our review of the record reveals nothing which suggests that the court erred in finding Abby more credible. As a result, we cannot conclude that the court's disposition of the assets was improper. The evidence revealed that Martin had deeded the property to Abby in 1986 in return for Abby's conveyance of her shares in the 12 unimproved lots. Martin admitted to executing the deed, admitted that it was his idea to do so, and acknowledged that he never claimed the house after the transactions were completed.

Martin also maintains that funds he gave to Abby in order to start her business should have been considered a loan and that Abby should have been ordered to repay him. However, the evidence as to this issue does not support Martin's claim. Abby began her own business of selling "fax" machines and computer chips in 1988. According to Abby, Martin gave her a total of $130,000 during 1988 to start the business. Although Martin gave her the money after the dissolution proceedings had commenced, he never asked for any repayment until the eve of the trial. Moreover, Martin wrote a note to Abby in 1990 stating that he did not expect to be repaid for the money. Abby's expert witness, Stephen Maretta, a certified public accountant, testified that no financial documents exist which would indicate that the funds were a loan. Martin, however, testified that he considered the money to be a loan at the time of the transfer and told this to Abby at that time. The circuit court did not find the funds to be a loan, but rather, found that they represented $130,000 in marital property. Given the evidence and the circuit court's findings as to witness credibility, we will not disturb this finding.

Martin next claims the court erred in finding that he dissipated

marital property and Abby did not. A person charged with dissipation is obligated to establish by clear and convincing evidence how the funds were spent. General and vague statements that the funds were spent on marital expenses or to pay bills are inadequate to avoid a finding of dissipation. (*In re Marriage of Partyka* (1987), 158 Ill. App. 3d 545, 511 N.E.2d 676.) Moreover, an explanation given by a spouse charged with dissipation as to how funds were used requires a circuit court determination of credibility. *In re Marriage of Adams* (1989), 183 Ill. App. 3d 296, 538 N.E.2d 1286.

Ample evidence exists in the record to support the circuit court's determination regarding Martin's dissipation. Martin used the proceeds of the sale of a home he had built, in addition to another $10,000, to pay off both his debts and those of his girl friend. The court also found that Martin had dissipated $2,200 for the purchase of a diamond ring. Maretta's testimony supports these findings as does Martin's.

As to Abby, who was also charged with dissipation, she provided the court with a detailed accounting of how the funds were spent. (See *In re Marriage of Seversen* (1992), 228 Ill. App. 3d 820, 593 N.E.2d 747.) Moreover, Abby was receiving no support from Martin at this time. Indeed, Martin repeatedly violated the various temporary support orders which were ordered against him. As a result, the circuit court held Martin in contempt and ordered his incarceration. Arrearages reached $17,000 at this point and were even noted in the order of dissolution. For these reasons, we will not disturb the circuit court's determination regarding the lack of dissipation by Abby.

The court ordered the marital property split evenly; however, Martin's share was reduced due to his dissipation and his failure to provide court-ordered child support. Martin now argues the court improperly acted in this manner. We disagree.

Our review of the court's order of dissolution reveals that the court properly took into consideration the factors listed in section 503(c). The court removed from Martin's share of the award the amount it had found he had dissipated. Such an apportionment has been held to be proper. *In re Marriage of Partyka*, 158 Ill. App. 3d 545, 511 N.E.2d 676.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

MANNING, P.J., and BUCKLEY, J., concur.